**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARNELL LEE DYKES,

        Petitioner-Appellant,

v.

MICHAEL NELSON, Warden, EDCF;
ATTORNEY GENERAL OF
KANSAS,

        Respondents-Appellees.

No. 00-3331

(D.C. No. CV-97-3147-DES)

(D. Kansas)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL** , **ANDERSON**  and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Larnell Lee Dykes was convicted of aggravated burglary, aggravated robbery, aggravated kidnaping, and rape, and was sentenced to a term of imprisonment on each count. He filed a petition for federal habeas relief under 28 U.S.C. § 2254, arguing issues which were specifically raised before, and addressed by, the state courts and are, therefore, exhausted. The magistrate judge recommended that relief be denied. Petitioner did not file any objections to the magistrate judge's report. The district court noted that no objections had been filed, adopted the magistrate judge's report and recommendation, and denied relief. [1]

The district court denied petitioner the required certificate of appealability. See 28 U.S.C. § 2253(c)(1). Petitioner therefore seeks a certificate of appealability in this court. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner may make this showing by demonstrating that the issues he raises are debatable among jurists, a court could

---

[1] Ordinarily, when a petitioner fails to object to a magistrate judge's report, we deem his issues waived on appeal. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Petitioner alleges he failed to receive a copy of the magistrate judge's report. We are unable to confirm from the record whether in fact he received the report or not. In the interests of justice, we assume that petitioner did not receive the magistrate judge's report and we address the merits of his appeal.

resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Petitioner argues that: (1) he was denied his Sixth Amendment right to confront and cross-examine the witnesses against him and his Fourteenth Amendment right to due process when the state court overruled defense counsel's motion for discovery regarding the database which the Federal Bureau of Investigation used to compile the statistics that the odds against finding a DNA match similar to petitioner's and the crime sample were six million to one; and (2) he was denied his Sixth Amendment right to the effective assistance of counsel by trial counsel's failure to request a bill of particulars, and he was denied his Fourteenth Amendment right to due process by the state court's failure to hold an evidentiary hearing to determine the validity of this claim.

Because petitioner's claims were fully adjudicated on their merits by the Kansas state courts, we must accord those decisions deference and may only grant him habeas relief if he "can establish that the state court determination of [his] claims was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was an unreasonable determination of the facts in light of the evidence." Romano v. Gibson, 239 F.3d 1156, 1163 (10th Cir. 2001) (citing 28 U.S.C. §§ 2254(d)(1) and (2)).

We have fully considered petitioner's arguments in light of the record on appeal, including a careful review of the state court opinions in this case, which thoroughly addressed petitioner's arguments. With respect to his argument concerning the DNA database, the Kansas Supreme Court noted, among other things, that petitioner's discovery motion was in fact granted in part; that the population data used in this case was the same data routinely used in virtually all criminal cases; that petitioner's claim that he had substantial Cherokee genealogy was speculative and based solely upon his mother's assertion that she had an unknown percentage of Cherokee blood; that petitioner could have confronted and cross-examined the state's expert about the effect of comparing himself to others with Native American heritage, but the record revealed he simply failed to do so; and that, because the donors used to compile the database were anonymous, the FBI could not have complied with petitioner's request. The magistrate judge discussed those state court conclusions in its rejection of petitioner's argument on this point.

With respect to his ineffective assistance of counsel claim stemming from his counsel's failure to request a bill of particulars, the magistrate judge quoted extensively from the Kansas Court of Appeals' decision addressing this claim, which noted that, while petitioner argues his counsel may have missed several possible defenses by failing to request a bill of particulars, petitioner's only

-4-

defense was that he had been wrongly identified by the victim and by the DNA evidence. The state court explained that counsel's conduct amounted to the making of strategic trial choices, and that, given the overwhelming evidence against petitioner, he could, in any event, establish no prejudice from counsel's conduct. Finally, with respect to his claim of error from the lack of an evidentiary hearing, the state court held that petitioner supported his claim of error with "only speculative comments on possible different outcomes if his counsel had requested a bill of particulars." Mem. Op. at 5.

In sum, under the applicable standard of review, we deny a certificate of appealability for substantially the same reasons as those set forth in the magistrate judge's thorough and well-reasoned report and recommendation, as adopted by the district court.

Appellant's application for a certificate of appealability is denied. The appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge